UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY NDUNGI SILA,

    Petitioner,

Case No. 2:25-cv-13066

HONORABLE STEPHEN J. MURPHY, III

v.

KEVIN RAYCRAFT,

    Respondent.

_____/

## ORDER REQUIRING RESPONDENT TO SHOW CAUSE

On September 26, 2025, Jeffrey Ndungi Sila, *pro se*, petitioned for a writ of habeas corpus and claimed that he is being unlawfully detained at the Calhoun County Jail amidst immigration removal proceedings. *See* ECF No. 1. Sila then made concerning allegations in a brief he filed on October 24, 2025. *See* ECF No. 9.

To begin, Sila alleged that the Government misrepresented facts in its response to his petition. *Id.* On October 10, 2025, the Government told the Court that Sila "has chosen not to seek release on bond at this time," and specifically stated that he had "not made such a request." ECF No. 5, PageID.29, 33. But according to Sila, on October 9, 2025, the day *before* the Government filed its brief, Sila's lawyer filed "a fresh bond request." ECF No. 9, PageID.56. As a result, the Government's representations at the time were allegedly false. Sila also said that, on October 16, 2025, Immigration Judge David Paruch *reinstated* his bond. *Id.* But Sila is still in detention. He thus alleged that the Government is "in blatant violation" of the determination from the Immigration Judge. *Id.* The Court reviewed a copy of the

1

Immigration Judge's order, and it indeed reinstated Sila's bond. ECF No. 10, PageID.65. The Government has neither corrected its prior representations nor informed the Court of subsequent developments in Immigration Court.

To assess the new allegations, the Court will require the Government to show cause **no later than November 10, 2025** for why the Court should not grant the petition. The Court will also require the Government's counsel to show cause for whether the Court should make further inquiry for, according to Plaintiff, misrepresenting facts to the Court. *See* Fed. R. Civ. P. 11(b).

In its response, the Government may wish to address some recent out-of-circuit authority contrary to its legal position. *See, e.g.*, *Diaz v. Kaiser*, No. 25-cv-05071, 2025 WL 3011852, at *1 (N.D. Cal. Sept. 16, 2025). For the most part, however, the Government should address the new allegations.

**WHEREFORE**, it is hereby **ORDERED** that Respondent must **SHOW CAUSE** for why, in light of the new allegations, the writ should not be granted **no later than November 10, 2025**.

**IT IS FURTHER ORDERED** that Respondent must also **SHOW CAUSE** for why its counsel should not be sanctioned for misrepresenting facts to the Court.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to

supplement his reply [10] is **GRANTED**.

    **SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: November 5, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 5, 2025, by electronic and/or ordinary mail.

s/ R. Loury  
Case Manager
