UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY NDUNGI SILA,

    Petitioner,

Case No. 2:25-cv-13066

HONORABLE STEPHEN J. MURPHY, III

v.

KEVIN RAYCRAFT,

    Respondent.

_____/

**OMNIBUS ORDER**
**[1, 18, 20, 21, 23, 24, 25, 27]**

"For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (per curiam) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). When he filed the instant petition, Jeffrey Ndungi Sila was confined at the Calhoun County Jail in the Western District of Michigan. *See* ECF No. 1, PageID.1–2; 28 U.S.C. § 102(b)(1). He argued that his confinement during immigration proceedings was unlawful. *See* ECF No. 1, PageID.7 (asking the Court to "[i]mmediately release him from custody"). Because venue is improper in the Eastern District, and because the Government has since released Sila from the Calhoun County Jail, the Court will dismiss the petition. The Court will also deny the motion for leave to file an amended petition, and it will deny Sila's flurry of recent motions as moot.

1

I.  Core Habeas Claim

The Court begins with venue for Sila's core habeas claim. The district-of-confinement rule has a long history. In *Ahrens v. Clark*, 335 U.S. 188 (1948), the Supreme Court addressed whether 120 Germans detained at Ellis Island could seek habeas relief in the District Court for the District of Columbia. *Id.* at 189. The Court said no and held that district courts' statutory authority to grant habeas relief is limited to "petitioners who are confined or detained within the territorial jurisdiction of the court." *Id.* at 192. Years later, the Supreme Court limited the "inflexible jurisdictional rule" of *Ahrens*. *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 500 (1973). Still, under the facts in *Ahrens*, the *Braden* Court noted that "traditional principles of venue would have mandated the bringing of the action in the Eastern District of New York, rather than the District of Columbia." *Id.* And even though *Braden* overturned parts of *Ahrens*, the Supreme Court has consistently reaffirmed the district-of-confinement rule for cases challenging present physical confinement. *See Padilla*, 542 U.S. at 444; *J.G.G.*, 604 U.S. at 672.

Today, the district-of-confinement rule is not jurisdictional in the usual sense. Rather, "the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue." *Padilla*, 542 U.S. at 451 (Kennedy, J., concurring); *see also J.G.G.*, 604 U.S. at 672 (holding that venue is improper outside the district of confinement). Courts have thus transferred habeas cases *sua sponte* under 28 U.S.C. § 1406(a). *See, e.g., Johnson v. Wrenn*, Case No. 2:25-cv-02545,

Doc. 4, PageID.29 (W.D. Tenn. June 2, 2025) (Lipman, C.J.); *Edmond v. Rewerts*, No. 2:21-cv-12178, 2021 WL 4355163, at *1 (E.D. Mich. Sept. 23, 2021).

Here, Sila's petition violates the district of confinement rule, and the Court must raise the issue of venue. Sila challenged his present physical confinement, a core habeas petition. *See* ECF No. 1, PageID.7 (seeking immediate release from custody); *Padilla*, 542 U.S. at 443 (2004) (defining core petitions as those "challenging present physical confinement"); *see also Aguilar v. Dunbar*, Case No. 2:25-cv-12831, ECF No. 20, PageID.237–238 (E.D. Mich. Nov. 13, 2025) (White, J.) (finding that a similar challenge to detention under § 1555(b)(e) was a core habeas challenge). Because of cases like *J.G.G.* and *Padilla*, core habeas petitions can only be filed in a single district at any given time. For Sila, that district was the Western District of Michigan on September 26, 2025. *See* ECF No. 1; *see generally Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025) (explaining why the district of confinement at the time of filing determines venue).

The flip side of the district-of-confinement rule is the immediate-custodian rule. Under the immediate-custodian rule, habeas petitioners who challenge their present physical confinement should name as respondent "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Padilla*, 542 U.S. at 435. "By definition, the immediate custodian and the prisoner reside in the same district." *Id*. at 444. Here, however, Sila named Kevin Raycraft (Director of ICE's Detroit Field Office) as the respondent.

3

*See* ECF No. 1, PageID.1. By not naming the warden of the Calhoun County Jail, Sila also violated the immediate-custodian rule.

To be fair, application of the immediate-custodian rule in the immigration context has a complicated history. The year before *Padilla*, the Sixth Circuit noted that "although the warden of each detention facility technically has day-to-day control over alien detainees, the INS District Director for the district where a detention facility is located 'has power over' alien habeas corpus petitioners." *Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003) (citation omitted). It thus assumed that, in certain situations, habeas petitioners could name the District Director as the respondent. But the Supreme Court's subsequent opinion in *Padilla* undercut *Roman*'s reasoning. *See Gjoliku v. Chertoff*, No. 06-cv-11747, 2006 U.S. Dist. LEXIS 45498, at *3 n.1 (E.D. Mich. June 26, 2006). And Judge White has persuasively explained why *Roman* does not supply the appropriate standard for core habeas cases because it did not involve a "core habeas petition." *See Aguilar*, Case No. 2:25-cv-12831, ECF No. 20, PageID.250. Following the lead of Judge White, the Court finds that Sila had to name the warden of the Calhoun County Jail as the respondent—not higher-ups in Detroit or Washington, D.C. *See id.* at PageID.232.

For these reasons, the petition violates both the district-of-confinement and the immediate-custodian rules. Though the rules may have some exceptions, *see Padilla*, 542 U.S. at 454 (Kennedy, J., concurring), none apply here. And because "jurisdiction lies in only one district: the district of confinement," *J.G.G.*, 604 U.S. at 672, venue is improper in the Eastern District.

4

If a court concludes that venue is improper, it has two options. 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court can transfer a case under 28 U.S.C. § 1406 even if personal jurisdiction is lacking. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465–66 (1962). Although transfer would likely be warranted if Sila was still detained in the Western District, *see Aguilar*, Case No. 2:25-cv-12831, ECF No. 20, PageID.251–254, recent events weigh against transfer.

Since the filing of his petition, Sila has been released from the Calhoun County Jail. ECF No. 14-3, PageID.125. The writ of habeas corpus only extends to individuals who are unlawfully in custody. *See* 28 U.S.C. § 2241(c). Because Sila is no longer in physical custody, the bulk of Sila's petition appears to be moot. As the Court sees little use in transferring a mostly moot petition, it will use its discretion under § 1406(b) to dismiss the petition. *See Lea v. Warren Cnty.*, No. 16-5329, 2017 WL 4216584, at *2 (6th Cir. May 4, 2017) ("If venue is not proper, the district court may, in its discretion, either dismiss the case or transfer it to any other place the case might have been brought."); 14D *Wright & Miller's Federal Practice & Procedure* § 3827 (4th ed. 2025) (noting that, under 1406(a), "dismissal should be appropriate in unusual circumstances").

II. <u>Non-Core Habeas Claims</u>

Construing the *pro se* petition broadly, it also contains non-core habeas claims. *See* ECF No. 1, PageID.7–8. But dismissal is still warranted. Venue must be proper for each claim and each defendant or respondent. And when venue is improper for part of a case, a court can dismiss the entire case under 28 U.S.C. § 1406. *See Lea v. Vilsack*, No. 3:21-cv-00468, 2023 WL 1141833, at *2 (M.D. Tenn. Jan. 30, 2023), *aff'd sub nom.*, *Lea v. U.S. Dep't of Agric.*, No. 23-5169, 2024 WL 841436 (6th Cir. Feb. 28, 2024).

Here, as discussed above, Sila's petition includes a core habeas challenge to his then-present physical confinement for which venue is improper in the Eastern District. Any arguably non-core habeas claims buried at the end of the petition, *see* ECF No. 1, PageID.7–8, are either not cognizable in habeas or too speculative for relief at this time. Sila cannot file a habeas petition to retrieve property because "claims for the return of lost, damaged, or confiscated property—including money—are not cognizable in a writ of habeas corpus." *Ameziane v. Obama*, 58 F. Supp. 3d 99, 102 (D.D.C. 2014) (collecting cases). He cannot use habeas to challenge the location of immigration proceedings either. *Cf.* 28 U.S.C. § 2241 (limiting habeas to issues that bear on the lawfulness of custody). And any challenge to future, hypothetical re-detention is too speculative for judicial review. *See Ashqar v. LaRose*, No. 4:18-cv-1141, 2019 WL 1793000, at *14–15 (N.D. Ohio Mar. 26, 2019) (Knepp, J.), *report and recommendation adopted sub nom.*, *Ashqar v. Adducci*, No. 4:18-cv-1141, 2019 WL 1790453 (N.D. Ohio Apr. 24, 2019). Given the weakness of the claims and

considering Sila's release, the Court finds that dismissal of the entire petition is warranted.

Because the dismissal is without prejudice, Sila is free to proceed elsewhere if circumstances warrant it. Sila is not under the pressure of any statute of limitations. Given the lack of any real prejudice to Sila, the interests of justice favors dismissal rather than transfer.

III. <u>Recent Motions</u>

Finally, Sila recently filed several motions in addition to his pending habeas petition. ECF Nos. 18, 20, 21, 23–25, 27. Despite the motions, the Court will still dismiss the petition.

Sila's motion for leave to file a supplemental petition for a writ of habeas corpus only raises further venue complications. *See* ECF No. 18. First, he sought to amend the case caption to omit anyone from the Eastern District of Michigan as a respondent. *See* ECF No. 18-1, PageID.137. In addition to Kristi Noem and Pam Bondi, Sila added Samuel Olson—the *Chicago* Field Office Director for ICE—as a respondent. *Id.* Second, Sila himself now resides in Shawnee, Kansas. ECF No. 15. And he says that venue in his immigration case has reverted to Kansas City, Missouri, located in the Western District of Missouri. *See* ECF No. 18, PageID.133; *see also* ECF No. 18-11, PageID.203. Third, the individual who issued the allegedly illegal GPS monitoring and home visiting requirement is in Kansas City, Missouri. *See* ECF No. 18-7, PageID.175. That is also the location of the Intensive Supervision Appearance Program to which Sila reports. *See* ECF No. 18-7, PageID.185.

7

Thus, to the extent that Sila seeks to challenge conditions of his release like GPS monitoring, the Court will require him to file a fresh petition in the proper district, and it will deny the motion for leave to file. In doing so, it will also deny Sila's subsequent motions as moot. ECF Nos. 20, 21, 23–25, 27.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** the petition for a writ of habeas corpus [1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion for leave to file a supplemental petition for a writ of habeas corpus [18] is **DENIED**.

**IT IS FURTHER ORDERED** that the remaining motions [20, 21, 23, 24, 25, 27] are **DENIED AS MOOT**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: December 8, 2025